In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00507-CR
_____

BOB DEWAYNE JAMES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 12-15703

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, appellant Bob Dewayne James pled guilty to burglary of a habitation, a second degree felony. *See* Tex. Penal Code Ann. § 30.02(a)(3), (c)(2) (West 2011). The trial court found the evidence sufficient to find James guilty of burglary of a habitation, but deferred further proceedings, placed James on community supervision for a period of ten years, and ordered James to pay a $1,000 fine. Thereafter, the State filed a motion to revoke James's unadjudicated probation, alleging six violations of the conditions of his

1

community supervision. The State later amended its motion to revoke to allege a total of eight violations. The trial court held a hearing on the State's amended motion to revoke, during which James pled "true" to six of the eight alleged violations. At the conclusion of the hearing, the trial court continued James on deferred adjudication community supervision, but reset the case for six months to reevaluate his compliance with the terms of the deferred adjudication order.

Less than five months later, the State filed a second amended motion to revoke James' unadjudicated probation. The second amended motion alleged the same eight violations asserted in the first amended motion to revoke, but added a ninth count alleging James's failure to report to the Jefferson County Community Supervision and Corrections Department as directed. James pled "not true" to the allegations in count nine, and the trial court held an evidentiary hearing, during which James and his probation officer both testified. At the conclusion of the hearing, the trial court found the evidence sufficient to establish that James violated the conditions of his community supervision as alleged in count nine of the State's second amended motion to revoke. Based on this finding as well as James's pleas of "true" to having violated six conditions of his community supervision, the trial court revoked James's community supervision, found him

2

guilty of the offense of burglary of a habitation, and sentenced him to eight years in prison. James timely filed this appeal.

James's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief presents his professional evaluation of the record and concludes there are no arguable grounds to be advanced in this appeal. Counsel provided James with a copy of this brief. We granted an extension of time for James to file a pro se brief, but we received no response from James.

We have independently reviewed the clerk's record and the reporter's record, and we agree with James's appellate counsel that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief James's appeal. *Cf. Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
CHARLES KREGER
Justice

_____

[1] James may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

Submitted on July 16, 2015
Opinion Delivered October 28, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.